## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA.** | : | **Crim. No. 08-763 (DMC)** |
| **v.** | : | **Hon. Dennis M. Cavanaugh** |
| **MICHAEL KAUFMAN,** | : | |
| **ANDRE DEVIEUX and** | | **CONSENT ORDER FOR** |
| **DAVID WYNN.** | : | **CONTINUANCE** |

This matter having been opened to the Court by Paul J. Fishman, United States Attorney

for the District of New Jersey (Bohdan Vitvitsky, Assistant U.S. Attorney, appearing) and

defendants Michael Kaufman (Robert J. DeGroot, Esq., appearing), Andre Devieux (Thomas

Dunn, Esq., appearing) and David Wynn (Stephen N. Dratch, Esq., appearing) for an order

granting a continuance of the proceeding in the above-captioned matter for a period of 160 days

from June 15, 2010, to November 22, 2010; the Defendants being aware that pursuant to 18

U.S.C. § 3161 (the "Speedy Trial Act") they have a right to stand trial within 70 days from the

filing date of the Indictment or from the dates on which the Defendants appeared before a judicial

officer of the court in which the Indictment is pending, whichever date occurs last; and the

Defendants through their respective attorneys having waived such rights and consented to the

continuance; and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that the continuation of this action serves the

ends of justice insofar as it outweighs the best interest of the public and the Defendants in a

speedy trial; and

IT IS FURTHER THE FINDING OF THIS COURT that the ends of justice are served by

1

a continuance of this action for the following reasons:

    1.  The case is complex due to the nature of the prosecution, the number of defendants and the large volume of evidence related thereto, all of which make it unreasonable to expect adequate preparation for the trial within the time limits established by the Speedy Trial Act;

    2.  Defendant Kaufman has retained new counsel and the Government has appointed a new attorney for the Government.  Failure to grant a continuance would deny both the Defendant and the Government the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence;

    3.  In addition, plea negotiations continue, and both the Government and the Defendants desire additional time within which to enter any such pleas in Court, which would thereby render trial of this matter unnecessary;

    4.  Defendants have consented to the aforementioned continuance;

    5.  The grant of a continuance will likely conserve judicial resources;

    6.  Pursuant to Title 18 of the United States Code, Sections 3161(h)(1)(G), (h)(7)(B)(ii) and (h)(7)(B)(iv), the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendants in a speedy trial;and

    7.  This is the eleventh continuance order sought by the parties.

WHEREFORE, IT IS on this 22ND of ___JUNE___, 2010,

ORDERED that the proceedings in the above-captioned matter are continued for the 160 day period between June 15, 2010, and November 22, 2010; and

IT IS FURTHER ORDERED that the period between June 15, 2010, and November 22, 2010 shall be excludable in computing time under the Speedy Trial Act; and

IT IS FURTHER ORDERED that trial in this matter is scheduled for November 8, 2010 at 9:00 AM.

Hon. DENNIS M. CAVANAUGH
United States District Judge

3